IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30971
Summary Calendar
_____

HERSCHEL BROWN,

                                        Plaintiff-Appellant,

versus

CITY OF SHREVEPORT; ROBERT W. WILLIAMS,
Mayor, City of Shreveport; JERALD JONES,
City Attorney for the City of Shreveport;
UNITED STATES OF AMERICA; JANET RENO,
U.S. Attorney General; MICHAEL D. SKINNER,
U.S. Attorney,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-2343
- - - - - - - - - -
August 31, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

     Herschel Brown appeals the district court's dismissal of his
Voting Rights Act action.  He argues that the district court
erred in dismissing his action against the United States, Janet
Reno, and Michael D. Skinner for lack of subject matter
jurisdiction.  The district court for the District of Columbia
has exclusive jurisdiction over actions against federal officers

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

or employees challenging the enforcement of the Voting Rights Act. 42 U.S.C. § 1973l(b); South Carolina v. Katzenbach, 383 U.S. 301, 331 (1966). The district court did not err in dismissing Brown's action against the United States, Janet Reno, and Michael Skinner for lack of subject matter jurisdiction.

Brown argues that the district court erred in dismissing his action against the City of Shreveport and the city officials for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Because Brown failed to allege sufficient facts to meet the three threshold requirements to establish a claim under Section 2 of the Voting Rights Act, the district court did not err in dismissing Brown's Section 2 claim under Rule 12(b)(6). See Thornburg v. Gingles, 478 U.S. 30, 48-51 (1986). Because Brown acknowledges that the City submitted the redistricting plan to the United States Attorney General for preclearance and that the Attorney General did not object to the plan, the district court did not err in dismissing Brown's claim under Section 5 of the Voting Rights Act. See 42 U.S.C. § 1973c. Brown has not alleged sufficient facts to state a claim under the Fourteenth or Fifteenth Amendments that the City's redistricting plan was enacted with the purpose of intentional discrimination against the black minority registered voters or that an actual discriminatory effect resulted. See Davis v. Bandemer, 478 U.S. 109, 127-134 (1986); City of Mobile, Ala. v. Bolden, 446 U.S. 55, 62 (1980). Further, Brown has failed to allege sufficient facts to show that the City was unresponsive to black registered voters. See Lodge v. Buxton,

639 F.2d 1358, 1375 (5th Cir. Unit B. 1981), aff'd, 458 U.S. 613 (1982). Therefore, the district court did not err in dismissing Brown's complaint for failure to state a claim upon which relief may be granted.

AFFIRMED.